IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HODGSON MILL CORPORATION, :
:
Plaintiff, :
:
v. : Civil Action No. 20-1073-RGA
:
HODGSON MILL, INC., :
:
Defendant. :

**MEMORANDUM ORDER**

Plaintiff has moved for a default judgment. (D.I. 14). The authority is Rule 55(b)(2). Fed. R. Civ. P. 55(b)(2). I deny the motion without prejudice, for the reasons that follow.

I am satisfied that the factual allegations of the Complaint should be accepted as true. But this is not a case where it is easy or obvious to translate the factual allegations into a judgment. The complaint has nine counts, eight for breach of contract and one for "contractual indemnity." Plaintiff requests a default judgment in the amount of $5,765,541. (D.I. 14-1). In support thereof, Plaintiff submitted a three-page brief[1] and a two-page unsworn expert report of a "valuation expert's" calculation of damages. (D.I. 15; D.I. 15-1). Most of the brief is about the default part of this; there are two paragraphs about damages.

I think default judgment is appropriate. But I cannot enter damages based on an unsworn[2] report of a CPA who summarizes his work as "my findings which encompassed a

---

[1] The brief rather curiously describes the case as involving "claims of breach of contract, tortious interference, and foreclosure on a security interest against" Defendant. (D.I. 15 at 1). There is no claim of tortious interference and I do not see any claim for foreclosure on a security interest either.
[2] It seems evident that Rule 55(b)(2) contemplates sworn proof. The "sum certain" of Rule 55(a) requires an "affidavit." It would be strange indeed for an uncertain sum to require less.

consultative examination of certain financial documents comparing the business condition one year before and one year after the sales date." (D.I. 15-1 at p.2). As mentioned, there are nine counts in the complaint, and there is no attempt by either the CPA or counsel to explain how the CPA's analysis relates to the claims of the complaint. For example, I am pretty sure that the CPA's work has no obvious relationship to Count 1 (incomplete documents), Count 4 (failure to turn over assets), Count 5 (contaminated inventory), Count 6 (failure to provide documentation), Count 7 (letter of intent), and Count 8 (non-compete). Count 2 (undisclosed liabilities) appears to correspond to a figure of $415,541 in the expert report.[3] Thus, the other $5,000,000 + appears to relate at least in part to Count 3 (misrepresentation of customer relations) and/or Count 9 (contractual indemnity).[4]

The motion for default judgment (D.I. 14) is **DENIED** without prejudice. If the motion is renewed within ninety days with an expert declaration that appears to me to be prima facie sufficient to support a claimed damages award, I will either accept the findings or schedule a hearing to take testimony from the expert.

IT IS SO ORDERED this 6th day of March 2023.

/s/ Richard G. Andrews
United States District Judge

---

[3] The $415,541 in the expert report states that the calculation is a summary of an "attachment," but the attachment was not attached.
[4] The contractual indemnity provision is said to be in Article 9 of the Asset Purchase Agreement (D.I. 1, ¶ 94), but, rather unusually for a breach of contract case, the Asset Purchase Agreement was not attached to the complaint and has not otherwise been provided.